That case has been frequently cited by the Court of Appeals with approval, and must be regarded as the law of the state, and controlling so far as applicable in this case. The two sections 65 and 85 are practically alike so far as the question we are considering is concerned.

The only question here is whether the order made can be upheld without disregarding the principles of law there laid down. The court was dealing with a pure life estate, and subsequent remainders, and the trust estate was held to be confined to the life estate, and not to cover the estate in remainder. The estates in remainder were vested during the life estate of the son as soon as the children were born. They never vested in the trustee or became a part of the trust estate.

Here under the will the trustees are given power under some circumstances to sell all the real property, and the fund as well as the income therefrom is made applicable to the payment of deficiency in debts, expenses, repairs, etc. (subdivisions 5, 6, 7, 8, 9), and then by subdivision 10 it was provided:

"After the death of my wife the remainder of my estate, both real and personal of which, I may die seised, which has not been sold by my executors, under the powers given herein, and the proceeds of any property sold shall be disposed of as follows"—to nephews and nieces, appellants herein.

Under this will the estate given to the trustees was not a mere life estate (of the wife) with remainder to the nephews and nieces. The estate of the nephews and nieces did not vest at the death of the deceased nor until the death of the wife. The trust covered the whole property, and required the trustees to manage it, improve it, sell it if they regarded it essential, under some circumstances, and only what remained at the death of the wife of all his property, and the real estate and personal, including proceeds of the real property sold, should be disposed of as provided in the tenth clause.

It seems to me we are not compelled by the case above cited to hold this order was void or improperly made, that it should be held here that the whole property was covered by the trust, the whole estate therein remained in the trustees, during the life of the wife, and the remainder only vested in the nephews and nieces upon the death of the wife.

This being so, the court had clearly power to make the order. I conclude the making of the order was a wise exercise of its power and discretion, and should be affirmed. All concur.

---

### WM. H. CURTIN MFG. CO. v. JAECKEL et al.

(Supreme Court, Appellate Division, Second Department. November 23, 1910.)

CONTRACTS (§ 232*)—EXTRA WORK.

> Where the original contract between plaintiff and defendants for the installation of a steam-heating plant did not include certain valves so that the installation of the valves was extra, plaintiff's right to recover the price therefor cannot be defeated because defendants' architect failed to include such valves in the material specified in the original contract, as directed by defendants.

> [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1097; Dec. Dig. § 232.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the William H. Curtin Manufacturing Company against Ottilie Jaeckel and others. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

Philip Huntington, for appellant.

W. A. Fischer, for respondents.

PER CURIAM. This is an appeal from a judgment dismissing the plaintiff's complaint, in an action brought to recover for goods sold. The plaintiff furnished some patent valves on the risers of a steam-heating plant in the property of the defendants. As to this there is no dispute. The plaintiff furnished these goods on an order of the architect employed by the defendants, and their reasonable value was $50, according to the proof. The defendants claim that, while they directed the architect to order the installation of these goods, they thought this work was covered by another contract between them and the plaintiff for the installation of a general steam heating plant.

The undisputed proof is that no provision was made for the installation of these valves in the original contract between the plaintiff and the defendants. Therefore the work, if ordered by the defendants, was extra work unquestionably. At the trial the defendants gave evidence tending to show that they had requested their architect to make provision for these valves in the original contract; but, as no such provision was made in the original contract, the defendants cannot defeat the right of the plaintiff to recover for work and materials furnished by their order, simply because their architect had omitted to follow out their wishes in the preparation of his plans and specifications for work to be done under the original contract.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.